# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD COOK, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 13-58 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

The government's Motion (Doc. 616) to dismiss Edward Cook's Petition under Section 2255 will be granted.

Petitioner was sentenced before this Court, after having entered a plea agreement in which he waived his rights to appeal the sentence or to bring a collateral attack under Section 2255. During the Change of Plea Hearing, the Court specifically highlighted the 2255-waiver, and confirmed Petitioner's understanding of the same. *See* Doc. 175 at pgs. 12-13.

Although use of the waiver-in-question since has been modified in this District, the Court of Appeals for the Third Circuit has, on multiple occasions, upheld enforcement of the waiver as it existed at the time of Petitioner's guilty-plea. *See, e.g.*, U.S. v. Gerideau-Williams, Crim. Action No. 10-124 (W.D. Pa.) at Doc. 184; U.S. v. Stitt, Crim. Action No. 12-45 at Doc. 96; U.S. v. Whitehead, Crim. Action No. 12-98 at Doc. 136; U.S. v. Sheppard, Crim. Action No. 10-119, *aff'd* by Order dated Feb. 5, 2015 (3d Cir. Dkt. No. 14-1829). Mr. Cook has made no convincing argument for deviation.

Also, for the reasons stated in the government's Motion, which are incorporated-by-reference into this ruling, Petitioner has failed to demonstrate that enforcement of the waiver will

result in a miscarriage of justice. Most obviously, Petitioner's *Johnson* challenge gains no traction because that decision had no effect on Section 924(c) convictions, like Mr. Cook's, based on drug-trafficking crimes. *See* Doc. 616 at 3-4 (collecting cases).

In sum, Petitioner has failed to demonstrate that his 2255-waiver was unknowingly or involuntarily made, or that its enforcement will result in a miscarriage of justice. Accordingly, the waiver is effective, and it bars Mr. Cook's challenge. Thus, the government's Motion (**Doc. 616**) to dismiss the Petition is **GRANTED**; the Petition (**Doc. 613**) is **DISMISSED**; and no certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. *See* Slack v. McDaniel, 529 U.S. 473, 484 (2000).[1]

IT IS SO ORDERED.


October 8, 2019                  s\Cathy Bissoon
                                                                 Cathy Bissoon
                                                                 United States District Judge

cc (via First-Class U.S. Mail):

Edward Cook
USMS No. 34048-068
FCI Loretto
Inmate Mail/Parcels
P.O. BOX 1000
Loretto, PA 15940


cc (via ECF email notification):

All Counsel of Record

---

[1] Even assuming *arguendo* that enforcement of the waiver is somehow debatable, Petitioner's contentions regarding ineffective assistance of counsel, raised for the first time in reply (*see* Doc. 622), lack merit. Thus, there has been no substantial showing of the denial of a constitutional right.